UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME RISBY,<br><br>    Plaintiff,<br><br>v.<br><br>REBECCA HAWLEY,<br><br>    Defendant. | Case No. 23-cv-04842-JSW<br><br>**ORDER REGARDING REPORT AND RECOMMENDATION AND DISMISSING WITHOUT LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 2, 7, 9, 14, 16 |

This matter comes before the Court upon consideration of the Report and Recommendation ("Report") issued by Chief Magistrate Judge Donna M. Ryu granting Plaintiff's applications to proceed in forma pauperis and recommending that the Court dismiss his complaint, with leave to amend. The applications to proceed *in forma pauperis* are GRANTED.

Plaintiff did not file objections to the Report. Instead, on January 17, 2024, Plaintiff filed an amended complaint. Therefore, the Court will rely on the analysis in the Report to determine if Plaintiff should be permitted to proceed based on the allegations in the Amended Complaint. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court must construe a *pro se* plaintiff's complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). There are limits, however, to the liberal interpretation of a *pro se* complaint. The court may not supply essential elements of a claim that are not included in the complaint. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Moreover, even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff cannot merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to state a claim, a court should grant leave to amend unless amendment would be futile. *See, e.g., Reddy v. Litton Indus. Inc.*, 912 F.3d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990). A court should grant a *pro se* litigant leave to amend, "unless it is absolutely clear that the deficiencies could not be cured by amendment." *Ahktar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Shucker v. Rockwood*, 809 F.2d 1446, 1448-49 (9th Cir. 1988)).

Chief Magistrate Judge Ryu recommended dismissing Plaintiff's complaint because he failed to allege that the Court had subject matter jurisdiction based either on a federal question or on diversity. (Report at 3:18-4:7). Plaintiff has failed to correct those deficiencies in his amended complaint. First, Plaintiff continues to allege the Court has jurisdiction based on a federal question and cites to 28 U.S.C. section 4101 and 25 U.S.C. section 11.404 [*sic*] to support claims for defamation and false imprisonment. (Amended Complaint at ECF p. 4.)

28 U.S.C. section 4101 sets forth a definition for defamation in the context of foreign judgments. The latter citation apparently refers to 25 C.F.R. section 11.404, which is a regulation stating that false imprisonment is a misdemeanor and is contained in the Code of Federal Regulations regarding "Courts of Indian Offenses and Law and Order Code." Neither of these provisions provide Plaintiff with a federal claim for defamation or false imprisonment.

Second, Plaintiff still fails to allege facts showing that he and defendant are citizens of different states. Therefore, he still fails to allege facts to show that the Court has diversity jurisdiction over any state law claims, including state law claims for defamation, malicious prosecution, or false imprisonment.

The Court generally should grant leave to amend. In this case, however, in light of Plaintiff's failure to include facts that show the parties are diverse or to include additional

allegations that plausibly set forth a federal claim, the Court concludes that further amendment would be futile.

Accordingly, the Court DISMISSES this case without prejudice for lack of subject matter jurisdiction. *See Hampton v. Pac. Inv. Mgmt. Co. LLC*, 869 F.3d 844, 846 (9thc Cir. 2017) ("Dismissals for lack of subject-matter jurisdiction, on the other hand, must be without prejudice, because a lack of jurisdiction deprives the dismissing court of any power to adjudicate the merits of the case.").

This Order shall constitute the judgment in this case, and the Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: January 19, 2024

JEFFREY S. WHITE
United States District Judge

3